IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL DOMBROWSKI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.:   11-cv-1278 |
| | : | |
| GOVERNOR MIFFLIN SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

LYNNE A. SITARSKI                                                                                                     DATE: May 16, 2011
UNITED STATES MAGISTRATE JUDGE

      Pending before this Court is Defendant's Motion to Disqualify Robin J. Gray, Esquire as Counsel for Plaintiff Rachel Dombrowski.  The instant motion was referred to this Court by the Honorable C. Darnell Jones, II, by Order dated April 15, 2011 to prepare a Report and Recommendation.  (Doc. No. 13).  This Court heard oral argument on the motion on May 9, 2011.  For the following reasons, this Court respectfully recommends that the motion be **DENIED WITHOUT PREJUDICE**.

I.     FACTS AND PROCEDURAL HISTORY

      On February 24, 2011, the instant litigation was initiated by Complaint filed by Robin J. Gray, Esq. ("Gray"), on behalf of Plaintiff Rachel Dombrowski ("Dombrowski").  (Doc. No. 1).  Dombrowski alleges that she was terminated by her employer, Defendant Governor Mifflin School District ("the District"), in retaliation for assisting Andrea Coleman-Hill ("Coleman-Hill") in a related lawsuit.[1]  Compl. ¶¶ 113-16.  Dombrowski further claims that the District

---

[1] The related lawsuit is also currently pending before Judge Jones.  *See Coleman-Hill v. Governor Mifflin Sch. Dist.*, No. 09-5525.

violated her Due Process rights by the manner in which her disciplinary hearing was conducted. Compl. ¶¶ 117-22.

As alleged in the Complaint, Dombrowski worked as the Director of Technology for the District. Compl. ¶¶ 9-10. Because of her position, Dombrowski had access to all documents that were stored on the District's computer systems, including archived documents. Compl. ¶ 45. Relevant to the instant motion, Dombrowski retained Gray as counsel for a Loudermill hearing conducted on October 8, 2009, regarding the improper disciplining of a teacher. Compl. ¶ 46. In preparation for the hearing, Dombrowski obtained from the server the questions that Dr. Weiss intended to ask at the hearing, which she shared with Gray. Compl. at ¶ 48; Def.'s Mot. Disqualify ¶ 4. After the hearing, the District issued Dombrowski a written reprimand for improperly disciplining the teacher. Compl. ¶ 50. Gray and Dombrowski continued communicating between October 8, 2009 and June 2, 2010. Pl.'s Mem. Law Opp. Mot. Disqualify, at 2-3. During this time, Dombrowski provided an IT evaluation to Gray. The District claims that this IT evaluation is confidential, and thus was improperly given to Gray. Pl.'s Answer to Def.'s Mot. Disqualify ¶ 6; Def.'s Mot. ¶ 6. Gray's initial representation of Dombrowski concluded on June 4, 2010, when Gray sent a rebuttal letter regarding the findings of the Loudermill hearing. Pl.'s Mem., at 3.

During the same time period, Coleman-Hill, through her attorney (Gray), initiated the *Coleman-Hill* litigation by filing a complaint against the District, alleging racial discrimination. *See* Def.'s Mot. ¶ 5. While conducting discovery for the *Coleman-Hill* matter, Gray deposed Dombrowski on August 16, 2010. Dombrowski's deposition testimony arguably was adverse to the interests of the District and Superintendent Dr. Mary T. Weiss ("Weiss"). Compl. ¶¶ 59-61.

2

Following the deposition, on August 23, 2010, Gray served a subpoena duces tecum on Dombrowski, requesting "any and all emails from the email archives of Dr. Mary T. Weiss' Governor Mifflin email box regarding emails to and from the school board, the music program issue and other emails regarding Andrea Coleman-Hill." Compl. ¶ 66; Def.'s Mot. ¶ 8. Dombrowski responded on August 25, 2010, providing many emails which included admittedly privileged documents. Compl. ¶ 67. This Court sanctioned Gray for her misconduct, as the subpoena was incorrectly filled out and failed to provide adequate prior notice to the District. *See* Def.'s Mot., Ex. B; *see also Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549 (E.D. Pa. 2010).

On September 2, 2010, the District placed Dombrowski on administrative leave. Compl. ¶ 83. After being notified about an upcoming Loudermill hearing, Dombrowski again retained Gray on September 23, 2010. Compl. ¶ 86. On January 17, 2011, after the second Loudermill hearing and a school board hearing, Dombrowski was terminated. Compl. ¶ 109. As previously noted, the instant litigation was commenced on February 24, 2011. Dombrowski alleges that her termination was in retaliation for assisting Coleman-Hill in her lawsuit.

The District filed the instant Motion to Disqualify Counsel Robin J. Gray, Esquire as Counsel for Plaintiff Rachel Dombrowski on April 8, 2011. (Doc. Nos. 10 & 11). Gray responded on April 19, 2011 (Doc. Nos. 14 & 15), to which the District filed a Reply on April 21, 2011 (Doc. No. 16). After acquiring leave from this Court, Gray filed a Sur-Reply. (Doc. No. 19). On May 9, 2011, this Court conducted oral argument. The matter is now ripe for disposition.

## II.   DISCUSSION

"'The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it.'" *Martin v. Turner*, No. 10-1874, 2011 WL 717682, at *2 (E.D. Pa. Feb. 18, 2011) (*quoting United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)). Although district courts are given "substantial latitude" in deciding such motions, disqualification is considered a draconian measure that should only be imposed when necessary. *Compare Wheat v. United States*, 486 U.S. 153, 163 (1988), *with Equal Employment Opportunity Commission v. Hora, Inc.*, 239 Fed. Appx. 728, 731-32 (3d Cir. 2007); *see also Martin*, 2011 WL 717682, at *2. When deciding such a motion, courts must "strike a 'delicate balance' between the competing considerations." *Furey v. Wolfe*, No. 10-1820, 2011 WL 1672037, at *2 (E.D. Pa. May 3, 2011) (*quoting Wyeth v. Abbott Laboratories*, 692 F. Supp.2d 453, 458 (E.D. Pa. 2010)). These considerations include "the unfettered practice of law, maintaining the integrity of the legal profession, and striking a 'balance [between] the plaintiff's right to retain counsel of his or her choice against the opposing party's right to prepare and try a case without prejudice.'" *Id.* (*quoting Nesselrotte v. Allegheny Energy, Inc.*, No. 06-1390, 2008 WL 2890832, at *4 (W.D. Pa. July 23, 2008)). Nevertheless, motions to disqualify "'are disfavored . . . not only because disqualification robs one's adversary of her counsel of choice, but also because of the risk . . . that one could subvert the ethical rules in an attempt to use them as a procedural weapon.'" *Martin*, 2011 WL 717682, at *2 (*quoting Wolf, Block, Schorr & Solis-Cohen LLP v. Navon*, No. 05-6038, 2006 WL 680915, at *1 (E.D. Pa. Mar. 9, 2006)).

The Third Circuit "has stressed that a court 'should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of

enforcing the applicable disciplinary rule.'" *Navon*, 2006 WL 680915, at *1 (*quoting Miller*, 624 F.2d at 1201). Courts must also be mindful of the underlying purposes of the ethics rules and the need to maintain the highest standards of the legal profession. *Furey*, 2011 WL 1672037, at *3 (*quoting Wyeth*, 692 F. Supp.2d at 458). The party seeking disqualification of opposing counsel bears the burden of establishing that continued representation would be impermissible pursuant to the Rules of Professional Conduct. *Martin*, 2011 WL 717682, at *2 (*quoting Reg'l Emp'rs' Assurance Leagues Voluntary Emps.' Beneficiary Ass'n v. Castellano*, No. 03-6903, 2009 WL 1911671, at *2 (E.D. Pa. July 1, 2009) (Jones, J.)). "'Vague and unsupported allegations are not sufficient to meet this standard.'" *Id.* Because of the drastic nature of disqualification, the violation of a disciplinary rule does not automatically result in disqualification. *Id.*

In our district, courts apply "the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania, as amended from time to time by that state court," i.e., the Pennsylvania Rules of Professional Conduct. E.D. Pa. R. Civ. P. 83.6 (Rule IV(B)) (2010). Violations of the rules "shall constitute misconduct and shall be grounds for discipline." *Id.* Further, a court may disqualify counsel if it determines "'on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve.'" *Furey*, 2011 WL 1672037, at *3 (*quoting Henry v. Del. River Joint Toll Bridge Comm'n*, No. 00-6415, 2001 WL 1003224, at *1 (E.D. Pa. Aug. 24, 2001)).

In this case, the District argues that Gray's continued representation of Dombrowski will result in a violation of Rules 1.7 and 3.7 of the Pennsylvania Rules of Professional Conduct. This Court will analyze each rule separately.

    (a)    **Rule 3.7: Lawyer as Witness**

The District first argues that Gray's continued representation of Dombrowski violates Rule 3.7, which provides, in pertinent part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>     (1)    the testimony relates to an uncontested issue;
>
>     (2)    the testimony relates to the nature and value of legal services rendered in the case; or
>
>     (3)    disqualification of the lawyer would work substantial hardship on the client.

Pa. R. Prof'l Conduct 3.7(a). The District asserts that it intends to call Gray as a witness because of her role in, and knowledge of, the facts surrounding Dombrowski's termination. Def.'s Mem., at 4-7. In opposition, Gray asserts that the testimony is uncontested, much of the sought communications are attorney-client privileged, the testimony can be obtained from other sources, and disqualification would highly prejudice her client. Pl.'s Mem., at 7-9. Further, Gray argues that the District's motion is a "tactical measure in order to make it more difficult for Plaintiff to obtain counsel that she trusts and who knows the case." Pl.'s Mem., at 6.

This Court finds that the motion seeking to disqualify Gray based upon Rule 3.7 is premature. By its terms, Rule 3.7(a) "only prohibits a lawyer who is likely to be a necessary witness from action as an advocate '*at a trial*.'" *Martin*, 2011 WL 717682, at *5; *Furey*, 2011 WL 1672037, at *3. At this early stage of the litigation, it is unclear whether Gray will be a necessary witness at trial. The case is still in its infancy: no depositions have been taken, and indeed, a scheduling order has not yet been issued. The issue of whether Gray is "likely to be a

necessary witness" should be addressed after at least some discovery has been conducted, including the deposition of Ms. Gray, if need be. *See Furey*, 2011 WL 1672037, at *3. Furthermore, as the District admitted at oral argument, it will suffer no prejudice if a decision on the issue is tabled for the time being. Therefore, this Court recommends that Defendant's motion to disqualify counsel pursuant to Rule 3.7(a) be denied without prejudice. *See id.* (*citing Caplan v. Braverman*, 876 F. Supp. 710, 711 (E.D. Pa. 1995)).

      (b)      **Rule 1.7: Conflict of Interest**

The District next argues that Gray's representation of Dombrowski violates Rule 1.7(a)(2) of the Pennsylvania Rules of Professional Conduct, which provides, in pertinent part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Pa. R. Prof'l Conduct 1.7(a)(2). The District asserts that Gray's personal interests may interfere with her representation of Dombrowski. Def.'s Mem., at 7-9. Specifically, the District argues that Gray and Dombrowski's pre-existing relationship may create conflicting personal interests and that, when called to testify, Gray's testimony may be adverse to Dombrowski's case. Def.'s Mem., at 7-9. In response, Gray asserts that a conflict of interest does not exist. Pl.'s Mem., at 9. Nevertheless, Plaintiff asserts that even if one did exist, Dombrowski has waived any conflict.

For the same reasons stated above, this Court finds that the District's motion based upon Rule 1.7(a) is premature. Discovery has not even commenced. Because of the dearth of information available at this early stage of litigation, the District could only argue that a conflict of interest *may* arise, not that one actually exists. *See, e.g.,* Def.'s Mem., at 7 ("it is likely that Gray's testimony in this matter will be adverse"). The District has not shown that Gray's representation of Dombrowski actually creates a conflict of interest. *See Castellano*, 2009 WL 1911671, at *3 (denying motion to disqualify where movant has not shown that a conflict of interest exists). Moreover, Dombrowski stated on the record at oral argument that, in full awareness of the potential conflict of interest, she wishes to have Gray represent her in this case. Gray also stated at oral argument that she would retain co-counsel if a conflict of interest ever arose. Therefore, this Court recommends that the motion to disqualify premised on Rule 1.7(a) be denied without prejudice.

### III.   CONCLUSION

At this early stage of litigation, where discovery has not even commenced, it is unclear whether Gray will be a necessary witness at trial, or whether a conflict of interest exists. In my view, the instant motion is premature, and I therefore recommend that it be denied without prejudice.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this  16TH  day of May, 2011, IT IS RESPECTFULLY RECOMMENDED that Defendant's Motion to Disqualify Robin J. Gray, Esquire as Counsel for Plaintiff Rachel Dombrowski be **DENIED WITHOUT PREJUDICE**.

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE